U.S. COURTS

APR 15 2019

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

Raul Mendez
2712 N Goldeneye Way
Meridian, Idaho 83646
Telephone: (208) 860-5037
raulmendez2002@gmail.com
Pro Se

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

RAUL MENDEZ,

    Plaintiff,

Vs.

CITY OF BOISE, a municipal corporation.
CITY OF BOISE MAYOR DAVID BIETER
and CITY OF BOISE COUNCIL. CITY OF
BOISE PUBLIC WORKS DEPARTMENT
SR MANAGER HEATHER BUCHANAN,
KIMBERLEE IRBY, SHAWN STEIGER,
JOSEPH HODGES and any other agents and
employees of the CITY OF BOISE
PUBLIC WORKS DEPARTMENT.
DEBBIE ALLEN and SCOTT MUIR and any
other employees of the CITY OF BOISE
LEGAL DEPARTMENT.

    Defendant.

Case No. 1:19-cv-00049-REB

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION TO
REMAND TO STATE COURT**

COMES NOW RAUL MENDEZ, plaintiff pro se, Responds to Defendants' Motion to Remand as follow:

## BACKGROUND

The City of Boise filed a Small Claims action in the Fourth Judicial district, Ada County Small Claims Court on 1/4/2019. *See Mendez 2/7/2019 complaint paragraph 37.* The single claim reads as follow:

BASIS FOR YOUR CLAIM: Failure to pay mandatory sewer services provided by the City of Boise pursuant to Boise City Code 8-11. **(DKT 2-1)**

Mr. Mendez filed a timely Notice of Removal per 28 U.S.C 1441 and 1446. Mr. Mendez also filed a Counterclaim adding additional causes of action per FRCP 13. *See Mendez 2/7/2019 complaint paragraphs 1 and 2.*

The City of Boise filed a Motion to Remand to State Court on 4/4/2019 **(DKT 3)**. The Motion to Remand is filed almost two months after Mendez filed the Notice of Removal of the Constitutional cause of action under 42. U.S.C. 1983. Mr. Mendez also notes that Attorneys for the City of Boise did not send the filing via regular mail and Mr. Mendez does not have regular access to email. As a result, Mr. Mendez was left with only a week to prepare this response.

## ARGUMENT

**1. THE CITY OF BOISE IS A GOVERNMENT ENTITY MANDATING SERVICES THRU THEIR ORDINANCES.**

Defendant cites *Merrel Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808.* As legal authority that determines whether a question arises under federal law and that such must be

determined by a "'well pleaded complaint."

The City of Boise is a government entity that have drafted Ordinances making services mandatory. Specifically, Defendant is charging a mandatory 'base fee' regardless of the fact services are being used or not. *Merrel Dow* involved a private drug manufacturer alleging violation of Federal Food, Drug, and Cosmetic Act (FDCA). The US Supreme Court held:

"That a Federal Question jurisdiction would, thus, exist only if plaintiff's right to relief depended necessarily on a substantial question of federal law. Because the jury could find negligence on the part of Merrell Dow without finding a violation of the FDCA, the plaintiffs' causes of action did not depend necessarily upon a question of federal law."

The US Supreme Court on *Merrel Dow* discussed that both parties agreed with the Court of Appeals conclusion that there is no federal cause of action for FDCA violations and the vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action. In short, *Merrel Dow* held that there is no federal private cause of action for violation of the FDCA because it does not state claim 'arising under the Constitution, laws, or treaties of the United States' 28 U.S.C. 1331.

The City of Boise filed a single claim, which they argue does not present a federal question. However, the claim reads that Mr. Mendez is being sued for failure to pay mandatory fee pursuant to a government entity ordinance. This triggers protections arising under the US Constitution per 28 U.S.C. 1331. People seeking to challenge the City of Boise ordinance will have to do so at the federal court who has original subject matter jurisdiction. The Constitution provides Mr. Mendez with federal causes of actions under 42 U.S.C. 1983.

A Federal court may have such jurisdiction if a state-law claim "necessarily raise a stated federal

issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Such federal issue must be "a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum. ***Grabble & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314, 125 S.Ct 2363, 162 L.Ed. 2d 257 (2005).***

In Darue, the US Supreme Court held that the national interest in providing a federal forum for federal tax law litigation is sufficiently substantial to support the exercise of federal question jurisdiction over the disputed issue on removal. The US Supreme Court has also long recognized that such jurisdiction will lie over some state law-claims that implicate significant federal issues. ***Smith v. Kansas City Title &Trust Co., 255 U.S. 180.***

The City of Boise has told Mr. Mendez that even Military personnel or retired elderly people who are away from their homes for months are required to pay a mandatory base fee regardless of the fact services are not being utilized. A Government entity creating an ordinance charging a mandatory fee regardless of the fact services are being used creates a substantial issue arising under the Constitution, laws, or treaties of the United States 28 U.S.C. 1331.

In short, Defendant citing *Merrel Dow* as legal authority justifying basis for remand is improper since that case involved a drug manufacturer alleging federal private cause of action under the FDCA. The City of Boise is a government entity seeking to enforce a mandatory fee thru their ordinances at the Small Claims. *Merrel Dow* involved multiple causes of actions and the US Supreme Court determined that a jury will find negligence on the part of drug manufacturer without a violation of the FDCA. The City of Boise recognizes that only a single claim has been filed at the Small claims department and that claim poses a substantial federal question as to

whether a government entity can charge a mandatory fee on unused services without violating Boise residents' constitutional rights.

## 2. THE INFORMALITY OF SMALL CLAIMS MAKES IT AN IMPROPER VENUE.

The City of Boise might argue that it is only a single claim filed at the Small claims court for an amount of less than 5,000 dollars. However, that overlooks the fact that by drafting an Ordinance making services mandatory regardless of the fact they are being used or not, it charges such mandatory fee to every single resident in Boise. Therefore, the amount being collected by making services mandatory is much more than $5,000. The small claims is an improper venue to determine substantial questions of federal law such as rights arising under the US Constitution. *See attached Idaho rules and statutes for small claims pages 1-7.*

a) Small Claims does not allow for punitive damages or damages for pain or suffering per *IC-2301 pg. 1*

Mr. Mendez is seeking punitive damages on his 2/7/2019 complaint. One of his causes of action is Intentional Infliction of Emotional Distress.

b) Small Claims does not allow for filings of formal pleadings per *IC-2309 pg 2*

No formal pleadings are allowed at the small claim setting. The hearing and disposition of all such actions are informal with the sole object of dispensing speedy and quick justice between parties.

c) Small Claims does not allow for Counterclaims per *IRSCA 5 pg. 3*

In Idaho, a separate action may be filed but not a counterclaim. Mr. Mendez 2/7/2019 complaint should be construed as a separate action adding causes of action.

d) Small claims are informal proceedings per *IRSCA 11 pg. 4*

Matters of Constitutional law and federal rights cannot be properly adjudicated in a setting where the trial is informal.

e) No written decisions citing legal authority at the Small Claims per *IRSCA 12 pg. 5*

The Judgment entered at the small claim setting is just a form furnished by the court.

f) Appeals from Small Claims are a Trial de Novo per *IRSCA 15 pg. 6 and 7*

After the Small Claims Court issues a Judgment in a court form it can be appealed. However, because there is no written opinion citing legal authorities then people are left with what they started, which in Mendez case is <u>Failure to pay mandatory sewer services provided by the City of Boise pursuant to Boise City Code 8-11.</u> *(DKT 2-1)*. The appeal is essentially a new civil matter where the Idaho Rules of Civil Procedure apply. Mr. Mendez with a great deal of financial effort has already paid the 400-dollar filing fee at the federal court, which has original subject matter jurisdiction on rights arising under the US Constitution.

## CONCLUSION

Defendant's Motion to Remand to State Court should be denied. Mr. Mendez challenge to the Constitutionality of the City of Boise Ordinance is proper at the US District of Idaho. Furthermore, Mr. Mendez presented additional causes of action that must be adjudicated at the federal court. The informal proceedings at the Small Claims court makes it an improper venue to adjudicate substantial questions arising under the Constitution and Federal law.

DATED: April 15, 2019

Raul Mendez

 # Idaho Statutes

TITLE 1
COURTS AND COURT OFFICIALS
CHAPTER 23
SMALL CLAIMS DEPARTMENT OF THE MAGISTRATE DIVISION

1-2301. SMALL CLAIMS DEPARTMENT — CREATION — SCOPE OF CLAIMS — VENUE. In every magistrate's division of the district court of this state, the district court may create and organize a "Small Claims Department of the Magistrate's Division," which shall have jurisdiction in cases for the recovery of money where the amount of each claim does not exceed five thousand dollars ($5,000), and in cases for the recovery of personal property where the value of the property does not exceed five thousand dollars ($5,000); provided however, that the small claims department shall not award punitive damages or damages for pain or suffering in any proceeding. Any action brought in a small claims department of the magistrate's division shall be brought in the magistrate's division in the county where the defendant resides or the county where the cause of action arose. A defendant may request a change of venue if an action is brought in an improper county.

History:

[1-2301, added 1969, ch. 103, sec. 1, p. 348; am. 1973, ch. 42, sec. 1, p. 78; am. 1976, ch. 125, sec. 1, p. 474; am. 1978, ch. 365, sec. 1, p. 954; am. 1981, ch. 180, sec. 3, p. 317; am. 1983, ch. 192, sec. 1, p. 521; am. 1984, ch. 199, sec. 1, p. 489; am. 1992, ch. 74, sec. 3, p. 212; am. 1995, ch. 183, sec. 1, p. 669; am. 2000, ch. 250, sec. 3, p. 704; am. 2002, ch. 74, sec. 1, p. 163; am. 2006, ch. 263, sec. 3, p. 816.]

How current is this law?

**Search the Idaho Statutes and Constitution**

 Idaho Statutes

TITLE 1
COURTS AND COURT OFFICIALS
CHAPTER 23
SMALL CLAIMS DEPARTMENT OF THE MAGISTRATE DIVISION
1-2309. OTHER FORMAL PLEADINGS NOT NECESSARY — SPEEDY TRIAL — RESTRICTION ON EXECUTORY WRITS. No formal pleading other than the said claim and notice shall be necessary to define the issue between the parties, and the hearing and disposition of all such actions shall be informal with the sole object of dispensing speedy and quick justice between the litigants, provided, however, that no attachment, garnishment or execution shall issue from the small claims department on any claim except as hereinafter provided.
History:
[1-2309, added 1969, ch. 103, sec. 9, p. 348.]

How current is this law?

Search the Idaho Statutes and Constitution

Supreme Court Home | State of Idaho | ESS

# STATE OF IDAHO JUDICIAL BRANCH
# Supreme Court

🔍

**About Us »**

**Supreme Court Appeals »**

**Court Rules »**

**Court Services »**

**Administrative & Legislative »**

**Judicial Rosters »**

**Jury Information »**

**Resources & Media »**

**Locate a Court »**

**Careers »**

**Court Record Search**

**Idaho Rules for Small Claims Actions Rule 5. Counterclaims.**

Counterclaims are not permitted, however a separate action may be filed in the same court against the plaintiff in the original action.

(Adopted March 1, 2016; effective July 1, 2016.)

3

Supreme Court Home | State of Idaho | ESS

# STATE OF IDAHO JUDICIAL BRANCH
# Supreme Court

About Us »

Supreme Court Appeals »

Court Rules »

Court Services »

Administrative & Legislative »

Judicial Rosters »

Jury Information »

Resources & Media »

Locate a Court »

Careers »

Court Record Search

**Idaho Rules for Small Claims Actions Rule 11. Informal Proceedings.**

The trial must be informal, and the court may adjourn the trial in the interest of justice and to allow the parties to present further relevant evidence. The court may allow the parties and any witnesses to appear telephonically. The court must make a verbatim record or recording of any proceeding or hearing.

4

Supreme Court Home | State of Idaho | ESS

# STATE OF IDAHO JUDICIAL BRANCH
# Supreme Court

About Us »

Supreme Court Appeals »

Court Rules »

Court Services »

Administrative & Legislative »

Judicial Rosters »

Jury Information »

Resources & Media »

Locate a Court »

Careers »

Court Record Search

**Idaho Rules for Small Claims Actions Rule 12. Judgment.**

After a hearing, the court must enter judgment on a form furnished by the court. The clerk must serve copies of the judgment on both the plaintiff and the defendant either by personal delivery or by mailing to the address most likely to give notice to such parties.

(Adopted March 1, 2016; effective July 1, 2016.)

5

Supreme Court Home | State of Idaho | ESS

## STATE OF IDAHO JUDICIAL BRANCH
# Supreme Court

🔍

About Us »

Supreme Court Appeals »

Court Rules »

Court Services »

Administrative & Legislative »

Judicial Rosters »

Jury Information »

Resources & Media »

Locate a Court »

Careers »

Court Record Search

**Idaho Rules of Small Claims Actions Rule 15. Appeals.**

(a) Who May Appeal. Any aggrieved party may appeal to the district court as provided in these rules and by law; however, any party who defaults or does not appear will not have any right to appeal the judgment.

(b) Notice of Appeal. The party wishing to appeal a judgment must file a notice of appeal in the court that heard the matter within the 30-day statutory appeal period and in the form



provided by law. The notice of appeal must be accompanied by the filing fee unless the fee is waived as provided by Idaho Code Section 31-3220.

(c) Trial de Novo. The court will conduct any appeal as a trial de novo.

(d) Procedure on Appeal.

(1) When a notice of appeal is filed, the clerk of the court where the action was filed will assign a file number and a magistrate in accordance with the assignment procedures of the county and serve copies of the notice of assignment on the parties or their attorneys by mail.

(2) Except as provided in this rule, the Idaho Rules of Civil Procedure apply to the trial de novo unless the court determines it is not appropriate.

(3) The court may permit or require the filing of amended or additional pleadings.

(4) The court may permit discovery as provided by the Idaho Rules of Civil Procedure only by written court order and only within such limitations as the court feels appropriate.

(5) A party may disqualify the court as provided by the Idaho Rules of Civil Procedure.

(6) If a party wants a jury, it must request a jury in the de novo trial within 14 days of service of the notice setting the appeal for a hearing. The jury must consist of 6 jurors, unless the parties agree to a lesser number.

(e) Costs on Appeal. Costs on appeal must be awarded to the prevailing party on appeal and may not exceed $50.00.

(f) Attorneys Fees on Appeal. A prevailing party represented by an attorney will be awarded $25.00 in attorney fees.

(Adopted March 1, 2016; effective July 1, 2016.)

Printer-friendly version     PDF version

7

## CERTIFICATE OF SERVICE

I certify that on April 15, 2019 I served a copy to:

Scott Muir                                        • By United States mail

150 N Capitol Boulevard         • By personal delivery

Boise, ID 83701                 • (By fax @ 208-384-4454)

 

_____Raul Mendez_____            _/s/ Raul Mendez_____
Typed/printed name                    Signature