IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CITY OF BOISE CITY, a municipal corporation<br>    Plaintiff,<br><br>v.<br><br>RAUL MENDEZ,<br>    Defendant. | Case No. 1:19-CV-049-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it a motion to remand filed by the City of Boise defendants. The motion is fully briefed and at issue. For the reasons explained below, the Court will grant the motion.

## ANALYSIS

The City of Boise filed a claim against plaintiff Mendez in the Ada County Small Claims Court for "[f]ailure to pay [your] mandatory sewer services provided by the City of Boise pursuant to Boise City Code § 8-11." Mendez removed the case to this Court and the City responded by filing the motion to remand now before the Court.

Because a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could originally have been filed in federal court, whether removal jurisdiction exists must be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 808 (1986). Absent diversity – and there is no diversity here – federal question jurisdiction is required. *Caterpillar Inc. v.*

*Williams*, 482 U.S. 386, 392 (1987).  "[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393.

Here, the City's claim for payment of a sewer fee pursuant to the City Code raises no federal question on its face. While Mendez alleges constitutional defenses to the City's claim, such defenses cannot be the basis for a removal to federal court under *Caterpillar*. For these reasons, the Court will grant the motion to remand.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to remand (docket no. 3) is GRANTED, and that the clerk is directed to remand this case to the Fourth Judicial District, Ada County Small Claims Court.

DATED: July 2, 2019

_____
B. Lynn Winmill
U.S. District Court Judge