IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CITY OF BOISE CITY, a municipal corporation<br>        Plaintiff,<br><br>v.<br><br>RAUL MENDEZ,<br>        Defendant. | Case No. 1:19-CV-049-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it a motion to reconsider filed by defendant Mendez. The motion is fully briefed and at issue. For the reasons explained below, the Court will deny the motion.

## ANALYSIS

The City of Boise filed a claim against plaintiff Mendez in the Ada County Small Claims Court for "[f]ailure to pay [your] mandatory sewer services provided by the City of Boise pursuant to Boise City Code § 8-11." Mendez removed the case to this Court and the City responded by filing a motion to remand.

The Court granted the motion to remand, holding that it lacked subject matter jurisdiction. Because a defendant may remove a case under 28 U.S.C. § 1441(b) only if the case could originally have been filed in federal court, whether removal jurisdiction exists must be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 808 (1986). Absent diversity – and

there is no diversity here – federal question jurisdiction is required. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393.

Here, the City's claim for payment of a sewer fee pursuant to the City Code raises no federal question on its face. While Mendez alleges constitutional defenses to the City's claim, such defenses cannot be the basis for a removal to federal court under *Caterpillar*. For these reasons, the Court granted the motion to remand.

In his motion to reconsider, Mendez argues that the Court should have remanded only the sewer fee dispute and retained jurisdiction over Mendez's constitutional challenges to the fee. However, *Caterpillar* is clear that the entire case must be remanded. Mendez is free to file suit directly in federal court but has no right to remove a portion of an unremovable case. The motion to reconsider will be denied.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to reconsider (docket no. 10) is DENIED.



DATED: October 3, 2019

_____
B. Lynn Winmill
U.S. District Court Judge